IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02555-WYD-PAC

MARK H. WHITE,

      Plaintiff(s),

v.

GALE NORTON, Secretary, U.S. Department of the Interior,

      Defendant(s).

---

ORDER

---

Patricia A. Coan, United States Magistrate Judge

Plaintiff requests, under Fed.R.Civ.P. 56(f), that the court postpone ruling on the Defendant's Motion for Summary Judgment until plaintiff can complete discovery. *See* Plaintiff's Response to the January 10, 2006 Order . . . [Doc. #24] [filed January 18, 2006].

Fed.R.Civ.P. 56(f) allows the court to stay a summary judgment motion in order to permit further discovery if the non movant states by affidavit that he lacks facts necessary to oppose the motion.[1] Fed.R.Civ.P. 56(f).

Defendant filed her Motion for Summary Judgment on October 27, 2005.  On November 28, 2005, the *pro se* plaintiff filed an Affidavit Explaining Why a Ruling on

---

[1]Fed.R.Civ.P. 56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just."

Civil Action No. 04-cv-02555-WYD-PAC
January 19, 2006

Defendant's Motion for Summary Judgment Should be Postponed [Doc. No. 16].[2]

Plaintiff stated in that Affidavit that witness Joann Hagan's responses to his interrogatories were essential to his summary judgment response. Defendant advised the court on January 9, 2006 that plaintiff received defendant's responses to plaintiff's interrogatories directed to Ms. Hagan on December 12, 2005 and that Plaintiff did not object to the discovery response.   Accordingly, the court ordered plaintiff to file his response to Defendant's Motion for Summary Judgment on or before February 3, 2006.

Plaintiff now asserts that he advised defense counsel on August 16, 2005 that he might want to schedule depositions of other witnesses after he received Ms. Hagan's responses to his discovery requests.  Plaintiff's January 18, 2006 Response, at 1.  Plaintiff maintains that "it is vital that plaintiff have the opportunity to depose all material witnesses before responding to a motion for summary judgment." *Id.* at 2.  Plaintiff requests that a ruling on defendant's motion for summary judgment be postponed so that he may depose "the 2 material witness [sic] that need to be rescheduled. . ." *Id.*

"The general principle of Rule 56(f) is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). However, the protections of Rule 56(f) may be invoked only where the non moving party

---

[2]The Clerk construed the November 28, 2005 Affidavit as plaintiff's motion for extension of time to file his response to the summary judgment motion after completion of discovery [Doc. No. 18].

Civil Action No. 04-cv-02555-WYD-PAC
January 19, 2006

satisfies the following requirements:

> A prerequisite to granting relief [pursuant to Rule 56(f) ] ··· is an affidavit furnished by the nonmovant. [internal citation omitted]  Although the affidavit need not contain evidentiary facts, it must explain why facts precluding summary judgment cannot be presented. [internal citation omitted] This includes identifying the probable facts not available and what steps have been taken to obtain these facts. [internal citation omitted]  In this circuit, the nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact. [internal citation and quotations omitted].

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992) (citations omitted).

Plaintiff has not identified the two material witnesses whom he seeks to depose, nor has he stated with any specificity how their testimony will establish a genuine issue of material fact necessitating a trial on his Title VII claims.  Moreover, the Scheduling Order was entered on March 16, 2005 setting a discovery deadline of September 30, 2005. Plaintiff does not explain why he was unable to depose the two material witnesses during the discovery period.

Because plaintiff is *pro se*, the court will allow him one opportunity to cure the deficiencies in his Rule 56(f) Affidavit.  Accordingly, it is

**HEREBY ORDERED** that plaintiff shall file a revised Rule 56(f) Affidavit with the court, **on or before February 6, 2006**, that complies with the requirements of that Rule, as discussed above.

3

Civil Action No. 04-cv-02555-WYD-PAC
January 19, 2006

Dated January 19, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge