IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 04-D-2555 (PAC)

MARK H. WHITE,

    Plaintiff(s),

v.

GALE NORTON, Secretary, U.S. Department of the Interior,

    Defendant(s).
_____

**ORDER AFFIRMING AND ADOPTING
UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION**
_____

I.    <u>INTRODUCTION AND BACKGROUND</u>

THIS MATTER is before the Court on Defendant's Motion For Summary Judgment and Memorandum Brief In Support Thereof, filed October 27, 2005 (docket #13). This is a civil rights case in which Plaintiff, an employee with the Department of the Interior's Office of Surface Mining ("OSM"), brings claims for race discrimination, hostile work environment and retaliation for prior EEO activity arising out of his non-selection for the position of Chief of the Financial Management Division of the OSM in 2002. Plaintiff further complains about receipt of a discriminatory final performance rating in May, 2002.

Plaintiff, an African-American, applied for the position of Chief of the Financial Management Division and was one of sixteen qualified applicants whose applications were submitted to a rating panel. Each panel member evaluated the applicants'

responses to thirty-seven task questions using a scoring sheet. Plaintiff was not one of the nine applicants selected by the panel for submission to the selecting official. Plaintiff filed a complaint of discrimination on October 28, 2002, and a final agency decision was issued on February 20, 2004. Plaintiff then appealed to the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a final decision and advised Plaintiff of his right to file a civil suit on September 7, 2004. Plaintiff commenced the instant action on December 13, 2004.

Defendant's motion for summary judgment was referred to Magistrate Judge Patricia A. Coan for a Recommendation pursuant to an Order of Reference dated December 17, 2004. Magistrate Judge Coan issued a Recommendation that summary judgment be granted in favor of Defendant on all of Plaintiff's claims on July 17, 2006. The Recommendation is incorporated herein by reference. *See* 28 U.S.C § 636(b)(1)(A); FED. R. CIV. P. 72(a); D.C.COLO.LCivR. 72.1(C)(1).

II.   RECOMMENDATION

In the Recommendation, Magistrate Judge Coan recommended that Plaintiff's race discrimination and retaliation claims, which were premised on the alleged discriminatory May 2002 performance rating, should be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies as to those claims. Magistrate Judge Coan further recommended that Plaintiff's remaining claims should be dismissed on their merits.

On August 2, 2006, Plaintiff filed a timely Objection to the Recommendation ("Objection"), which necessitates a *de novo* determination as to those specified

proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).  However, Plaintiff's Objections must <u>specifically identify</u> those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

      A.    <u>Claims Based on May 2002 Performance Rating</u>

Magistrate Judge Coan found that Plaintiff received his overall performance rating in late May 2002, which was the "final" rating for the year ending on June 30, 2002.  Plaintiff did not assert in his EEOC charge that the performance rating he received in May 2002 was discriminatory or retaliatory.  Magistrate Judge Coan concluded that because Plaintiff did not exhaust his administrative remedies for his race discrimination and retaliation claims, which are premised on the alleged discriminatory May 2002 performance rating, those claims should be dismissed for lack of subject matter jurisdiction.  Recommendation at 5-7.

Exhaustion of administrative remedies is a jurisdictional prerequisite to instituting a Title VII action in federal court.  *Khader v. Aspin*, 1 F.3d 968 (10th Cir. 1993).  In his Objection, Plaintiff states that he "protests" Magistrate Judge Coan's determination that he did not exhaust his administrative remedies.  However, Plaintiff does not explain why he feels this recommendation is in error, nor does he object to Magistrate Judge

Coan's conclusion that his EEOC charge failed to include any allegation that his May 2002 performance rating was discriminatory or retaliatory. I agree with Magistrate Judge Coan that Plaintiff failed to exhaust his administrative remedies, and that his claims for race discrimination and retaliation that are based on his May 2002 performance rating, must be dismissed.

  B. <u>Title VII Claim (Race Discrimination)</u>

Title VII prohibits discrimination in federal employment on the basis of race, color, sex, or national origin 42 U.S.C. § 2000e-16(a). Magistrate Judge Coan found that because Plaintiff did not present any direct evidence of discrimination, his claims should be analyzed under the burden shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). Under the *McDonnell Douglas* framework, once a plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to present evidence that it had a legitimate nondiscriminatory reason for its action. *McDonnell Douglas*, 411 U.S. at 802-03. If defendant carries its burden, the plaintiff must then demonstrate that the defendant's proffered explanation is pretextual. *Id.* Failure by the plaintiff to come forward with evidence of pretext, or evidence that discrimination was a determinative factor in the employment decision, will entitle the defendant to summary judgment. *Reynolds v. School Dist. No. 1*, 69 F.3d 1523 (10th Cir. 1995).

Magistrate Judge Coan found that Plaintiff established a prima facie case of employment discrimination under Title VII. Therefore, Defendant was required to proffer a legitimate, non discriminatory reason for its decision not to refer Plaintiff to the

selecting official. Defendant has presented evidence that the individual chosen for the position of Division Chief received a total of 360 points on the task questions from the three members of the rating panel, and Plaintiff received a total average score of 322 points. The other eight candidates referred to the selecting official received an average score at least twenty points higher than Plaintiff on the task questions. Recommendation at 9-11. Based on this evidence, Magistrate Judge Coan found that Defendant proffered a legitimate non-discriminatory reason for its decision, and that Plaintiff failed to create a genuine issue of material fact demonstrating that Defendant's proffered reason was mere pretext.

Plaintiff's Objection generally complains that Magistrate Judge Coan did not follow the proper standard of review on summary judgment and ignored misrepresentations in Defendant's motion. Plaintiff also complains that there is evidence in the record that the panel members did not follow a consistent, objective process in their evaluation of candidates, and a lack of evidence in the record regarding how the task questions were weighed, who established the cut-off score, and on what basis the cut-off score was determined. Magistrate Judge Coan found that although Defendant did not fully explain its rationale for a rating panel in the selection process for the Division Chief position, the record does not reflect that the use of a rating panel was illogical or defective in any way. Plaintiff does not point to specific evidence of pretext in the record, and his allegations that the panel members did not follow an objective standard is wholly unsupported. I find that Plaintiff has failed to demonstrate that Defendant's proffered reason for not submitting his application to the

selection official was pretextual. I agree with Magistrate Judge Coan that Plaintiff's Race Discrimination Claim must be dismissed.

### C.     Title VII (Retaliation)

Title VII makes it unlawful for a federal employer to retaliate against an employee because the employee engaged in protected activity. 42 U.S.C. § 2000e-3; *see also Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). Plaintiff's retaliation claim is based on his prior EEO Complaints. Magistrate Judge Coan found that Plaintiff presented a prima facie case of retaliation, but once again found that Defendant proffered a legitimate non-discriminatory reason for its employment decision, and that Plaintiff failed to produce any evidence of pretext. Recommendation at 14-17.

Plaintiff's Objection is vague and conclusory on this point, and Plaintiff fails to make any specific objection to Magistrate Judge Coan's reasoning or conclusions, nor does he point to any specific evidence in the record to support his claims. As Magistrate Judge Coan noted in the Recommendation, Plaintiff stated in his deposition that he did not believe that any of the rating panel members had any motive to retaliate against his for his prior EEO filings. Plaintiff contends that the selection official manipulated the individuals who would serve on the rating pane so that she could exclude Plaintiff form the final list of candidates. However, Plaintiff offered no evidence to support this theory. I agree with Magistrate Judge Coan that Plaintiff's retaliation claim must be dismissed.

### D.     Hostile Work Environment

Finally, as to Plaintiff's claim that he was subject to a racially hostile work

environment, Magistrate Judge Coan found that Plaintiff did not offered any admissible evidence to show that his workplace was "permeated with discriminatory intimidates, ridicule, and insult." *Davis v. U.S. Postal Service*, 142 F.3d 1334, 1341 (10th Cir. 1998). Plaintiff raises no specific objections to Magistrate Judge Coan's conclusion as to this claim. I agree with Magistrate Judge Coan that Plaintiff's hostile work environment claim must be dismissed.

### III.   CONCLUSION

Having reviewed Magistrate Judge Coan's Recommendation and Plaintiff's Objection thereto, I find that the Recommendation is well-reasoned and thorough. Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Coan dated July 17, 2006, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

FURTHER ORDERED that Defendant's Motion For Summary Judgment and memorandum Brief In Support Thereof, filed October 27, 2005 (docket #13) **GRANTED**. It is

FURTHER ORDERED that all of Plaintiff's claims and causes of action in this matter are **DISMISSED WITH PREJUDICE**.

Dated:  September 29, 2006

              BY THE COURT:

              s/ Wiley Y. Daniel
              Wiley Y. Daniel
              U. S. District Judge